IN THE CIRCUIT COURT OF MARYLAND FOR
FREDERICK COUNTY, MARYLAND

MICHELLE HEAVNER
a/k/a MICHELLE WILEY
532 Eisenhower Drive
Frederick, Maryland 21703-8415

    Plaintiff

    v.

CREDIT BUREAU OF NAPA VALLEY, INC.
d/b/a CHASE RECEIVABLES
c/o THE CORPORATION TRUST INCORPORATED,
351 W. Camden Street
Baltimore, Maryland 21201

    Defendant

    And

ALLIANCE DATA SYSTEMS CORPORATION
Successor in Interest to World Financial Network National Bank
c/o Edward J. Heffernan, President & CEO
7500 Dallas Parkway, Suite 700
Plano, Texas 75024

    Defendant

## COMPLAINT

Michelle Heavner, formerly known as Michelle Wiley, by and through the undersigned counsel, hereby files this COMPLAINT against Defendant the Credit Bureau of Napa Valley, Inc., doing business as Chase Receivables, and states the following in support of this Complaint.

## INTRODUCTION

1.    This is an action for actual, statutory and punitive damages filed by Plaintiff Michelle Heavner (the "Plaintiff") pursuant to Section 524 of the United States Bankruptcy Code; the Fair Debt Collection Practices Act (the "FDCPA") and the Maryland Consumer Protection Act, Maryland Code Commercial Law § 13-401, et seq.

SANDRA K. DALTON
CLERK _____
1   BY _____

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Maryland Code Courts & Judicial Proceedings § 1-501.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to the Maryland Code Courts & Judicial Proceedings § 6-103(b)(1), (2), (3) and (4).

4. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code.

5. Venue lies in this Court pursuant to the Maryland Code Courts & Judicial Proceedings § 6-202(3).

## PARTIES

6. The Plaintiff was the Debtor under Chapter 7 of Title 11 of the United States Code in case number 08-12345 PM, filed February 20, 2008, which proceeded in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division. The Plaintiff currently resides at 532 Eisenhower Dr., Frederick, Maryland 21703.

7. Defendant, Credit Bureau of Napa Valley, Inc., regularly transacts business throughout the State of Maryland under the trade name Chase Receivables. Defendant Credit Bureau of Napa Valley, Inc. shall be referred to herein as "Chase Receivables". Chase Receivable's business in the State of Maryland includes the collection of debts.

8. Defendant Alliance Data Systems Corporation regularly transacts business through the State of Maryland by underwriting revolving credit card accounts through the trade name World Financial Network National Bank, which is also referred to as WFNNB. Alliance Data Systems Corporation shall be referred to herein as "ADS".

2

9. The term "Defendants", as used in this Complaint, shall refer to all of ADS, WFNNB and Chase Receivables.

**FACTUAL BACKGROUND**

10. Prior to the February 20, 2008, the Plaintiff had a debt to World Financial Network National Bank ("WFNNB"), the issuer of a credit card issued to the Plaintiff, in the approximate amount of $1,410 (the "Debt").

11. Upon information and belief, ADS acquired WFNNB and continued to underwrite revolving credit card accounts under the trade name WFNNB.

12. ADS became the lender pursuant to the Debt either by directly issuing the underlying credit card to the Plaintiff or by acquiring the original issuer of the credit card that gave rise to the Debt.

13. Upon information and belief, ADS or WFNNB assigned the collection rights under its credit card agreement with the Plaintiff to Chase Receivables, or Chase Receivables is otherwise an agent of WFNNB or ADS that was hired to collect the Debt.

14. Chase Receivables is not the original lender of the funds associated with the Debt.

15. On February 20, 2008, the Plaintiff filed a Chapter 7 Bankruptcy Case pursuant to Title 11 of the United States Code.

16. All events necessary to collect the debt owed by the Plaintiff to the Defendants arose prior to February 20, 2008.

17. On June 26, 2008, the United States Bankruptcy Court for the District of Maryland, Greenbelt Division, issued an order of discharge in favor of the Plaintiff.

18. The Defendants did not file a complaint or other action in the Bankruptcy Court to challenge the dischargeability of the Debt owed by the Plaintiff to the Defendant.

3

19. After the Plaintiff received her discharge, Chase Receivables began trying to collect the Debt.

20. In attempting to the collect the Debt, Chase Receivables was acting as a debt collector within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al.

21. After the Plaintiff received her discharge, Chase Receivables attempted to collect the Debt on no less than 37 different occasions via telephone in addition to various contacts via mail.

22. Because Chase Receivables was acting in the capacity as an agent or assignee of ADS, ADS may be held liable for the acts and omissions of Chase Receivables in collecting the Debt.

23. The collection activity against the Plaintiff by Chase Receivables after the Plaintiff had received a discharge under the Bankruptcy Code constituted harassment.

24. The collection activity against the Plaintiff by Chase Receivables after the Plaintiff had received a discharge under the Bankruptcy Code constituted a deceptive practice.

25. Under 11 U.S.C. § 524, the Defendant was prohibited from collecting the Debt from the Plaintiff.

26. The Defendants knew or should have known that the Plaintiff filed for relief under the Bankruptcy Code and received a discharge pursuant to 11 U.S.C. § 524.

### COUNT ONE
### (Violation of the Discharge Order)

27. The allegations contained in paragraphs one through 26 are incorporated herein as if set forth fully herein.

28. The Plaintiff properly listed WFNNB as a creditor in the Bankruptcy Case.

4

29. Any debt to WFNNB and/or its employees, agents, successors and assigns, including Defendants ADS and Chase Receivables, is therefore discharged by the Discharge Order.

30. Therefore, Chase Receivables' attempt to collect the Debt constitutes a violation of the Discharge Order.

31. As a result of the above violation of the Discharge Order, the Defendant is liable to the Plaintiffs for actual damages, punitive damages, and legal fees.

## COUNT TWO
### (Violation of the Fair Debt Collections Practices Act)

32. The allegations contained in paragraphs one through 31 are incorporated herein as if set forth fully herein.

33. The Plaintiff is informed and believes and therefore alleges that the Defendants violated the FDCPA.

34. The Defendants' violations include, but are not limited to, engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt as prohibited pursuant to 15 U.S.C. § 1692d; and falsely representing the character and legal status of the debt as prohibited pursuant to 15 U.S.C. § 1692e.

35. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for actual damages, statutory damages of $37,000.00, and attorneys' fees.

## COUNT THREE
### (Violation of the Maryland Consumer Protection Act)

36. Paragraphs 1 through 35 are incorporated as if set forth fully here.

37. The Defendants are "merchants" within the meaning of the Maryland Consumer Protection Act, Maryland Code Commercial Law, 13-101 et seq.

38. The Plaintiff is a "consumer" within the meaning of the Maryland Consumer Protection Act, Maryland Code Commercial Law, 13-101 et seq.

39. The Debt constitutes "consumer credit" or "consumer debt" within the meaning of the Maryland Consumer Protection Act, Maryland Code Commercial Law, 13-101 et seq.

40. The violations contained herein constitute unfair or deceptive trade practices within the meaning of the Maryland Code Commercial Law, Sections 13-301(1) and 13-303(4).

41. In particular, the unfair or deceptive trade practices include, but are not limited to, the following:

    a. Attempting to collect a debt which the Defendants have no right to collect;

    b. Making the Plaintiff believe that she might owe money which she does not in fact owe; and

    c. Taking all other acts alleged in Paragraphs 19 and 21 above.

42. As a result of such violations, the Defendants are liable to the Plaintiffs for actual damages, punitive damages, and legal fees.

Based upon the foregoing, the Plaintiff requests that this honorable Court enter JUDGMENT in her favor awarding the Plaintiff:

    A. $50,000 in actual and statutory damages;

    B. $50,000 in punitive damages; and

    C. Legal Fees and Costs.

## JURY TRIAL DEMAND

The Plaintiffs hereby demand a jury trial in connection with this Complaint and related adversary proceeding.

Date:   October 28, 2010

Respectfully submitted,

/s/ Michael G. Dana
Michael G. Dana, Esq.
The Fried Law Firm, P.A.
4550 Montgomery Avenue, Suite 710N
Bethesda, Maryland 20814
(301) 656-8525
mdana@friedlaw.com

8